Argued and submitted July 31, reversed and remanded November 12, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LINDSAY ELIZABETH CORBETT,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR040419; A130769

196 P3d 573

Ingrid A. MacFarlane argued the cause and filed the brief for appellant.

Jamie Contreras, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Carson, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant appeals judgments of conviction for delivery and possession of a controlled substance, *former* ORS 475.992 (2003), possession of iodine matrix, ORS 475.967, and possession of a forged instrument, ORS 165.017. She argues that the trial court erred in denying her motion to suppress evidence that the police obtained while she was detained illegally. The state concedes that the trial court so erred. As explained below, we conclude that the concession is well taken, and, consequently, we reverse and remand.

Defendant was a passenger in a car that police stopped for a traffic infraction. In the course of the stop, the officer checked the driver's and defendant's identification cards and questioned the driver about his purchase and possession of a gallon of iodine matrix, ORS 475.967. The officer obtained consent from the driver to search the car, and both the driver and defendant got out of the vehicle. Although it is not clear from the record whether the officer returned the driver's and defendant's respective identification cards after examining them, the officer testified that neither the driver nor defendant was free to leave when the search of the car commenced.

While searching the car, the officer found defendant's purse on the front passenger side and asked defendant if she could look inside it. At some point before the officer requested defendant's consent to search her purse, another officer had advised defendant of her *Miranda* rights. Defendant consented to the search of her purse, and that search produced evidence that defendant sought to suppress.

Defendant argues, and the state does not dispute, that she was illegally detained following the lawful stop for the traffic violation. We agree. When the officer began the search of the car, the officer did not have reasonable suspicion that defendant had engaged in a crime, yet she was not permitted to leave the scene, and the officer was not engaged in any steps relative to the investigation of the traffic infraction. *See State v. Highley*, 219 Or App 100, 110, 180 P3d 1230 (2008) (illegal stop where defendant was passenger in a car that was legally stopped and record did not support reasonable suspicion that defendant was involved in criminal activity); *see also State v. Kirkeby*, 220 Or App 177, 186, 185 P3d

510, *rev allowed*, 345 Or 301 (2008) (illegal detention where no indication that officer was engaged in steps relative to investigation of traffic offense).

Further, in *State v. Ayles*, 220 Or App 606, 614, 188 P3d 378 (2008), and *State v. La France*, 219 Or App 548, 557, 184 P3d 1169 (2008), we held that *Miranda* warnings given to the defendants in those cases before obtaining consent to conduct searches were not mitigating circumstances that purged the taint of the initial illegality, based on the totality of circumstances in each of those cases. The state concedes, and we agree, that the circumstances here do not differ markedly from those in *Ayles* and *La France*.

Accordingly, the trial court erred in denying the motion to suppress evidence obtained during the illegal detention of defendant.

Reversed and remanded.